**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Luis RODRIGUEZ–GOMEZ,
Defendant—Appellant.**

**No. 05–10317.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 15, 2006.

Decided March 21, 2006.

Robert A. Bork, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff—Appellee.

Arthur L. Allen, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant—Appellant.

Before: REINHARDT, NOONAN, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Luis Rodriguez–Gomez ("Rodriguez") entered a conditional plea of guilty to one count of illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326. On appeal, Rodriguez contends that the district court erred in denying his motion to dismiss the illegal-reentry indictment because of purported due process violations at Rodriguez' previous deportation hearing.[1]

Rodriguez asserts that the Immigration Judge (IJ) who ordered him deported failed to advise him that he might be eligible for relief from deportation under section 212(c) of the Immigration and Naturalization Act. That section, as it read at the time of Rodriguez' 1993 hearing, provided discretionary relief from deportation for certain lawful permanent resident aliens who had established a "lawful unrelinquished domicile of seven consecutive years" in the United States. 8 U.S.C. § 1182(c) (1993), *repealed by* Pub L. 104–208, Sept. 30, 1996.

We find no error in the IJ's failure to advise Rodriguez regarding the possibility of § 212(c) relief because, as both parties agree, Rodriguez was not actually eligible for such relief at the time of his deportation hearing. Even assuming, as Rodriguez urges, that the § 212(c) residency period began to accrue when Rodriguez applied for temporary residency in July 1987, he was still at least eleven months shy of attaining the required seven years' residency when the IJ ordered him deported. Rodriguez contends that, had he appealed the IJ's decision, he would have continued to accrue residency during that appeal and might have crossed the seven-year threshold while his case was pending before the BIA. Even if this assertion is correct, it is irrelevant. The IJ had no obligation to advise Rodriguez about relief for which he was demonstrably not eligible at the time of his hearing, even if he might possibly become eligible at some point in the future.

The IJ correctly advised Rodriguez that he was not eligible for § 212(c) relief at the time and that he had the right to appeal his deportation order. This advice did not offend due process.[2]

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. In a prosecution for illegal reentry under 8 U.S.C. § 1326, the question of whether the underlying deportation order is valid is a mixed question of law and fact which this Court reviews de novo. *United States v. Ahumada–Aguilar*, 295 F.3d 943, 947 (9th Cir. 2002).

2. At oral argument, counsel for Rodriguez asserted that the IJ violated Rodriguez' due process rights by informing him that it would be "hopeless" to file an appeal. The record does not reflect any statements to that effect by the IJ. Indeed, the IJ explained to Rodriguez the deadline for appealing and provided him with the necessary forms. Accordingly, we reject Rodriguez' argument.